JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

**14   4273**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
U.S. Xpress, Inc.

**DEFENDANTS**
Phoenix Freight, Inc. d/b/a Door-to-Door Services

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Collier County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James A. Wescoe, Esq., Weber Gallagher
2000 Market Street, Ste. 1300, Philadelphia, PA 19103
215-972-7900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

❏ 2  U.S. Government
      Defendant

❏ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|                          | PTF | DEF |                                                              | PTF | DEF |
|--------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State    | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State  | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation                                | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
49 U.S.C. 14706(b)
Brief description of cause:
Loss of Cargo in Interstate Transit

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
24,121.40

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

**JUL 16 2014**

DATE   7-16-14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

14-CV. 4273

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 4080 Jenkins Road, Chattanooga, TN 37421

Address of Defendant: 2030 River Reach Drive, #139, Naples, FL 34104

Place of Accident, Incident or Transaction: Bucks County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☒ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

JUN 16 2014

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                              Attorney-at-Law                        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/16/14   _____   82923
                      Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

U.S. Xpress, Inc.                                      :          CIVIL ACTION

v.                                      :          **14      4273**

Phoenix Freight, Inc. d/b/a Door-to-Door Services      :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( x )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 7-16-14 | | U.S. Xpress, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-972-7900 | 215-564-7699 | jwescoe@wglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 16 2014

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP
By: James A. Wescoe, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
(215) 972-7900
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. XPRESS ENTERPRISES, INC.<br>4080 Jenkins Road<br>Chattanooga, TN 37421, | : <br> : <br> : | CIVIL ACTION |
| | : | |
| Plaintiff | : <br> : | **14   4273** |
| | : | |
| vs. | : <br> : | |
| | : | |
| PHOENIX FREIGHT, INC.<br>d/b/a Door-to-Door Services<br>2030 River Reach Drive #139<br>Naples, FL 34104, | : <br> : <br> : | |
| | | |
| Defendant | | |

## PLAINTIFF'S DISCLOSURE STATEMENT FORM PURSUANT TO F.R.C.P. 7.1

Please check one box:

X       The nongovernmental corporate party, <u>U.S. Xpress Enterprises, Inc.</u>, plaintiff
in the above listed civil action does not have any parent corporation and publicly held
corporation that owns 10% or more of its stock.

☐       The nongovernmental corporate party, _____,
In the above listed civil action has the following parent corporation(s) and publicly held
corporation(s) that owns 10% or more of its stock:

_____

_____

<u>July 16, 2014</u>_____                    <u>/s/ James A. Wescoe</u>_____
Date                                                                          Signature

                    Counsel for:    <u>Plaintiff, U.S. Xpress Enterprises, Inc.</u>

$400

**NS**

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP
By: James A. Wescoe, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
(215) 972-7900
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. XPRESS, INC.<br>4080 Jenkins Road<br>Chattanooga, TN 37421, | :<br>:<br>: CIVIL ACTION<br>: | |
| Plaintiff | :<br>: | **14    4273** |
| vs. | :<br>: | |
| PHOENIX FREIGHT, INC.<br>d/b/a Door-to-Door Services<br>2030 River Reach Drive #139<br>Naples, FL 34104, | :<br>: | |
| Defendant | | |

## PLAINTIFF'S COMPLAINT

Plaintiff, U.S. Xpress, Inc. by and through undersigned counsel, by way of Complaint

against the Defendant says as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.    Plaintiff U.S. Xpress, Inc. was and still is a business entity authorized to transact

business in the Commonwealth of Pennsylvania.  U.S. Xpress, Inc. has a principal place of

business at 4080 Jenkins Road, Chattanooga, TN 37421.

2.     Defendant, Phoenix Freight, Inc. d/b/a Door-to-Door Services, (hereinafter,
"Phoenix Freight"), was and still is, upon information and belief, a corporation located at 10461
NW 26th Street, Doral, Florida 33172 and with a mailing address at 2030 River Reach Drive #
139, Naples, FL 34104.

3.     At all times relevant, defendant Phoenix Freight regularly conducted business in
the County of Bucks and Commonwealth of Pennsylvania, including, but not limited to, the
operation of multiple tractor trailers delivering, receiving and/or otherwise transporting freight
and goods within, into, and through Bucks County and in interstate transportation as a common
carrier and was involved in the transportation of goods by ground for hire, and /or the solicitation
through advertisement of the citizens of Bucks County and Pennsylvania all for pecuniary gain.

4.     At all times relevant hereto, defendant Phoenix Freight leased, owned, controlled,
and by and through their agents, servants, workmen, and/or employees, operated a motor vehicle
involved in the loss hereinafter described.

5.     At all times relevant hereto, plaintiff U.S. Xpress, Inc. (hereinafter "U.S.
Xpress"), was authorized under federal law to conduct business as an interstate motor carrier and
as an interstate transportation property broker.

6.     Jurisdiction in this Court is proper under 28 U.S.C. 1331 and 49 U.S.C. 14706(d)
because defendant Phoenix Freight is a receiving and/or delivering carrier and/or the carrier over
whose line or route the loss of goods occurred in interstate transport and/or does business and/or
operates trucks and routes throughout the 48 contiguous United States including the states of
Pennsylvania and Delaware and the area comprising the Eastern District of Pennsylvania.

7.     Venue is proper under 28 U.S.C. 1391(b)(2) in that a substantial part of the events
or omissions giving rise to plaintiff's claim occurred in Bucks County, Pennsylvania, which is
within this judicial district.

## STATEMENT OF THE CASE

8.     At all times relevant hereto, plaintiff U.S. Xpress was a party to a contract with non-party Proctor & Gamble Distributing, LLC (hereinafter "P&G"), wherein U.S. Xpress agreed to provide transportation services to P&G, including but not limited to arranging with motor carriers to transport P&G's goods.

9.     On or about May 30, 2012, U.S. Xpress, pursuant to its contract with P&G, Enterprises, Inc. brokered a shipment of P&G goods to defendant Phoenix Freight, for delivery from the Dover, Delaware to the P&G distribution center in Tunkhannock, Pennsylvania.

10.     The P&G load was tendered to defendant Phoenix Freight on May 30, 2012 in good order and condition, and proper count.

11.     Defendant Phoenix Freight, as the motor carrier in possession of the goods, was solely and strictly liable for the goods from the time of tender to the time of delivery.

12.     Defendant Phoenix Freight failed to deliver the goods to the P&G distribution center in Tunkhannock, Pennsylvania.

13.     The subject load was stolen and lost while in the possession, custody and control of defendant Phoenix Freight on or about or between May 31, 2012 and June 1, 2012.

14.     Upon information and belief, the load was stolen while in the custody, possession and control of defendant Phoenix Freight from a location in Bucks County, at 4595 New Falls Road, Levittown, Pennsylvania 19056.

15.     At the aforesaid place and time, the P&G load at issue consisted of 3,503 boxes of disposable diapers packed onto forty shrink-wrapped pallets.

16.     On or about June 5, 2012, the stolen trailer was spotted and recovered in a parking lot in West Philadelphia, located near the corner of 43rd Street and Lancaster Avenue. The trailer contained seven full pallets of product and two pallets with two partially stacked pallets.

17.     P&G submitted a Notice of Claim to U.S. Xpress, wherein it demanded payment of $24,121.41 from U.S. Xpress for the loss of goods, less salvage.

18.     As a result of the aforementioned theft of P&G's product, U.S. Xpress paid P&G $24,121.40.

19.     Accordingly, the total amount of damages Plaintiff U.S. Xpress is seeking to recover is $24,121.40.

20.     On October 1, 2012, Plaintiff sent a subrogation request to defendant Phoenix Freight for the total amount paid to P&G of $24,121.40.

21.     Defendant Phoenix Freight did not respond to the October 1, 2012 demand letter.

22.     On November 15, 2012, Plaintiff sent a second subrogation request to defendant Phoenix Freight.

23.     Phoenix Freight did not respond to Plaintiff's second request for payment.

24.     On December 14, 2012, Plaintiff sent a third and final subrogation request to defendant Phoenix Freight.

25.     Defendant Phoenix Freight has failed to respond to Plaintiff's demands for reimbursement despite the fact that defendant is solely liable to Plaintiff for the loss described herein.

26.     The aforementioned damages sustained by, and paid by, U.S. Xpress were directly and proximately caused by the negligence, carelessness, and breach of contract by defendant Phoenix Freight  as further and more fully described below.

### COUNT I: RELIEF PURSUANT TO 49 U.S.C. 14706(b)

27.     Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26), inclusive, as though fully set forth herein at length.

28.     Plaintiff engaged the services of defendant to transport certain P&G goods as set forth in the preceding paragraphs.

29.     The goods at issue were tendered to defendant in good order and condition and proper count.

30.     The goods were stolen while in the care, custody, possession and control of defendant while en route from Delaware to Pennsylvania.

31.     The goods at issue, therefore, were lost and were not delivered to Pennsylvania.

32.     Plaintiff was required to pay the owner of the goods $24,121.40.  Thus, plaintiff has sustained damages in the amount of $24,121.40 as a direct result of defendant's failure to deliver the subject goods.

33.     Defendant is the carrier responsible for loss the carrier over whose line or route the loss occurred within the meaning of 49 U.S.C. 14706(b).

34.     As such, defendant is liable for the damages caused in an action brought pursuant to 49 U.S.C. 14706(b).

35.     Plaintiff has paid $24,121.40 to the shipper (P&G) for the loss caused by defendant.  Therefore, defendant is liable to plaintiff for the same amount as the carrier over whose route or line the loss occurred.

36.     Defendant has not, despite repeated requests, paid plaintiff the damages owed.

**WHEREFORE**, Plaintiff, U.S. Xpress, Inc., demands judgment against defendant, Phoenix Freight in the amount of $24,121.40, together with costs, interest, attorney's fees and such other and further relief as the court deems appropriate.

## COUNT II: BREACH OF CONTRACT

37.     Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36), inclusive, as though fully set forth herein at length.

38.     Defendant Phoenix Freight entered into an Agreement with U.S. Xpress on or about May 30, 2012, to ship the aforesaid trailer of P&G products on May 31, 2012.

39.     Pursuant to the aforesaid Agreement/ Bill of Lading, U.S. Xpress "received" 3,503 P&G products for shipment, which were then brokered to defendant to ship on or about May 30, 2012.

40.     The parties agreed that defendant would promptly ship the property via defendant's tractor PT1293 and trailer PT1553 in the same condition as it was received by defendant.

41.     The parties further agreed that defendant would pay for any damage to the property, while in its possession or control caused by theft, misuse, abuse, neglect, intentional acts or failure to follow the instructions provided for proper care of the P&G products.

42.     The property shipment brokered to defendant was stolen while in the possession or control of defendant, resulting in property loss as described above and herein.

43.     As a result of the theft, U.S. Xpress paid P&G $24,121.40.

44.     U.S. Xpress seeks payment of the monies paid to P&G from defendant, who has thus far refused to pay.

45.     Defendant breached the aforesaid Agreement with U.S. Xpress by failing to pay for the aforesaid damages incurred by U.S. Xpress which are direct resulting from defendant's failure to deliver the goods.

46.     As a result of defendant's breach, Plaintiff is entitled to recover the full amount of damages caused by the theft of P&G product while in the custody or control of defendant, in addition to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, U.S. Xpress, Inc., demands judgment against defendant, Phoenix Freight in the amount of $24,121.40, together with costs, interest, attorney's fees and such other and further relief as the court deems appropriate.

## COUNT III: NEGLIGENCE

47.     Plaintiff incorporates by reference paragraphs one (1) through forty-six (46), inclusive, as though fully set forth herein at length.

48.     The aforementioned damages were the direct and proximate result of the negligent, careless and/or reckless conduct of defendant Phoenix Freight as more specifically described below:

        (a)     Negligent, careless, and/or reckless hiring of driver Michael Williams;

        (b)     Negligent, careless, and/or reckless training of employees and drivers;

        (c)     Negligent, careless, and/or reckless oversight of employees and drivers;

        (d)     Failure to respond and assist in locating and recovering stolen P&G goods;

        (e)     Failure to respond to any subrogation requests;

        (d)     In being otherwise negligent under the circumstances.

49.     As a direct and proximate result of the aforesaid misuse, abuse, negligent, careless and/or reckless conduct of defendant, plaintiff sustained damages in the amount of $24,121.40.

50.     Defendant is liable to plaintiff for the damages proximately caused by its negligence, carelessness and recklessness.

**WHEREFORE**, Plaintiff, U.S. Xpress, Inc. demands judgment against Defendant, Phoenix Freight in the amount of $24,121.40 together with costs, interest, attorney's fees and such other and further relief as the court deems appropriate.

*/s/ James A. Wescoe*
James A. Wescoe, Esquire
WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP
2000 Market Street, Suite 1300
Philadelphia, PA 19103
Our File 0076411
267.765.4123 (phone)
*Attorneys for Plaintiff*

Dated: July 16, 2014